23 C.C.P.A.(Patents)

## PROCTER & GAMBLE CO. v. CRESCENT SUPPLY CO.

### Patent Appeal No. 3554.

Court of Customs and Patent Appeals.

Dec. 2, 1935.

Allen & Allen, of Cincinnati, Ohio (Erastus S. Allen and Marston Allen, both of Cincinnati, Ohio, of counsel), for appellant.

Edward H. Merritt, of Ft. Wayne, Ind. (James Atkins, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Interferences, dismissing the opposition of appellant to the application of appellee for the registration of the mark "Cresco," applied to petroleum lubricating oils and greases, in class No. 15; the application being filed December 28, 1932, under the Trade-Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 81 et seq.).

The notice of opposition filed by appellant sets up its ownership of registration No. 117,704, dated July 24, 1917, for the mark "Crisco," applied to cooking fat. Appellant further alleges the use of said mark applied to cooking fat continuously since the month of June, 1911; that appellant has built up a large and valuable business in the manufacture and sale of said commodity; that there is likelihood of confusion in the use of the two marks; and that appellant will be damaged by the registration of the mark applied for by appellee.

The answer of appellee to the notice of opposition denies that the goods of the parties are of the same descriptive properties, denies that confusion would result from the registration of its mark, and prays that the opposition be dismissed and that its mark be registered as applied for.

Both sides took testimony.

In dismissing appellant's notice of opposition, the Examiner of Interferences found that the goods of the parties to which the respective marks are applied were not of the same descriptive properties, noted the fact that the marks are not identical, and held that there was no likelihood of damage to appellant from the registration of the mark applied for by appellee.

The Commissioner affirmed the decision of the Examiner of Interferences on substantially identical grounds, and from his decision appellant took this appeal.

In our view, the only question before us is whether or not the goods to which the respective marks are applied are goods of the same descriptive properties, for, if they are, we are of the opinion that the opposition of appellant should be sustained because of the similarity of the marks. We are, however, in agreement with the Patent Office tribunals that, upon this record, vegetable cooking fats and petroleum lubricating oils and greases are not goods of the same descriptive properties within the meaning of section 5 of said Trade-Mark Act. 15 U.S.C.A. § 85.

In our opinion, the ordinary purchaser of appellee's products of petroleum lubricating oils and greases would not be likely to believe that, because of the mark "Cresco" appearing upon such products, they had the same origin in manufacture as vegetable cooking fats bearing the mark "Crisco."

The testimony, we think, establishes that, generally speaking, the products of the respective parties to which the marks are applied are not sold in the same stores,

or to the same class of people. The products of appellant are edible greases, while the products of appellee are inedible lubricating oils and greases. Of course the articles are not competitive.

In the case of California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 111, 17 C.C.P.A.(Patents) 1048, in discussing the term "same descriptive properties" contained in the first proviso of said section 5 of the Trade-Mark Act, the court said: "Therefore, the right to register depends upon the distinguishing dissimilarity between the goods or the marks. The same degree of difference in the marks or goods or both must exist so as to distinguish the goods of the owner as is required to prevent the probability of 'confusion or mistake in the mind of the public,' etc. This distinguishing difference or indistinguishable similarity may rest not only in the 'essential characteristics' of the goods themselves with reference to their form, composition, texture, and quality, but may rest in the use to which they are put, the manner in which they are advertised, displayed, and sold, and probably other considerations. The question as to whether confusion and failure to distinguish will result may also depend largely upon the class of purchasers, or persons concerned."

In the case of Williams Oil-O-Matic Heating Corporation v. Westinghouse Electric & Mfg. Co., 62 F.(2d) 378, 379, 20 C.C.P.A.(Patents) 775, the question before us was whether adjustable, thermostatically controlled, electric sadirons, bearing the mark "Adjust-O-Matic," were of the same descriptive properties as electrically operated and thermostatically controlled liquid fuel burning devices, bearing the marks "Oil-O-Matic" and "Dist-O-Matic," and electrically operated domestic refrigerating units bearing the mark "Ice-O-Matic." The court held that the goods first named were not of the same descriptive properties as the goods bearing the marks "Oil-O-Matic," "Dist-O-Matic," and "Ice-O-Matic." In said case the court said:

"The language 'same descriptive properties,' contained in the first proviso of section 5 of the Trade-Mark Act of February 20, 1905 (15 U.S.C.A. § 85), was intended by the Congress to relate to goods of the same general class, and was used synonymously with the term 'class,' used in the first part of that section. The words 'same class,' and 'same descriptive properties' should be given 'a limited or an extended meaning and application, according to whether or not the use of identical or similar trade-marks would be likely to cause confusion or mistake in the mind of the public or to deceive purchasers,' and, in that connection, 'the use, appearance, and structure of the articles, the similarity or the lack of similarity of the packages or containers in which, the place or places where, and the people to whom, they were sold should be considered.' [Citing cases.]

"The goods of the parties are household utilities. They are adapted to be connected to the electric-light circuit, and are thermostatically controlled. They are not similar, however, in any other respect. They differ greatly in cost, use, appearance, and structure, and, of course, are not competitive.

"Were it not for the fact that they are thermostatically controlled, we dare say that no one would contend that sadirons possess the same descriptive properties as either fuel-burning devices or refrigerators."

In the case at bar the labels carrying the respective marks of the parties were introduced in evidence, and appellant contends that such labels tend to show confusing similarity of the marks. We have examined said labels. The "Crisco" labels are blue and white; the "Cresco" labels are orange and black. Without detailing the other differences and similarities between the labels, we are of opinion that they do not support appellant's contention last above stated.

There is no evidence of actual confusion with respect to the marks, nor is there evidence that the goods of the respective parties are generally sold in the same stores, although a witness for appellee did testify that products bearing the mark "Cresco" were sometimes sold to general stores in small towns that sell groceries and have filling stations connected with the stores, and appellant's testimony establishes that its products, bearing the mark "Crisco," were sold to groceries and general stores selling groceries, throughout the United States.

It is our opinion that, following our decision in the case of Williams Oil-O-Matic Heating Corporation v. Westinghouse Electric & Mfg. Co., supra, the

goods to which the respective marks here in issue are applied are not goods of the "same descriptive properties" within the meaning of that term as used in said section 5 of said Trade-Mark Act.

Appellant relies largely upon the case of Imperial Cotto Sales Co. v. N. K. Fairbanks Co., 50 App.D.C. 250, 270 F. 686, wherein an application by the appellant there for the registration of the mark "Cottolene," applied to cotton seed meal to be used in feeding livestock, was refused upon the opposition of the appellee there, who was the owner of a registration of the same mark, "Cottolene," applied to a cooking fat made from cotton seed oil and "oleostearine." Both of the products there involved had in part precisely the same cotton seed origin, and this origin was strongly indicated by the nature of the mark there in issue. Neither of these facts is present in the case at bar, and therefore the case last above cited is not, in our opinion, an authority upon the question here before us. It is therefore unnecessary for us to comment further upon said cited case.

In the decision appealed from, the Commissioner cited the case of Pure Oil Co. v. Vegetable Oil Products Co., 156 MsD 138, where registration was permitted of the mark "Purola" for use in connection with a lard substitute, which mark was identical with opposer's mark used on lubricating oils and greases. It is to be noted that the issue involved in said cited case was substantially identical with the issue here involved. In his decision in the case at bar, the Commissioner quoted from the decision in the Purola Case as follows: "It is deemed the commercial activities of the respective parties are so dissimilar as to the nature of the goods, the class of purchasers, and the uses for which the goods are intended that there is no probability of conflict or confusion in trade. The goods here under consideration clearly enough do not possess the same descriptive properties nor do they belong in the same class."

We think said quoted language is applicable to the facts in the case at bar, and we find nothing in the record to warrant a reversal of the decision here on appeal.

The decision of the Commissioner of Patents is affirmed.

Affirmed.